UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FREDERICK J. KEITEL, III,**

       **Plaintiff,**

v.   Case No.  5:24-cv-613-CEM-PRL

**KATIE HELLER, DONALD L. HARRIS, SHELIA KOLAR, AVANLEE CHRISTINE OKRAGLY, AVANLEE CARE, INC, JESSICA FEHR, PAUL CHOAN, FRED LAW FIRM AND ASSOCIATES, PLLC, FRONTIER LAW FIRM, PLLC, STEVEN STOCKDALE, and SUSAN CHAN LASK,**

       **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 9), recommending that the Motion be denied, (*id.* at 10).

Although *pro se* Plaintiff subsequently paid the filing fee, the Magistrate Judge nevertheless found that Plaintiff "fail[ed] to allege any basis for this Court to exercise subject matter jurisdiction over his claims" and that "any further attempts

to amend the Complaint would be futile because venue is not proper in this district." (*Id.* at 2, 8). Plaintiff also filed Objections. (Doc. 12).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"Generally, a district court must sua sponte provide a pro se plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend. However, a district court need not allow even a pro se plaintiff leave to amend where an amendment would be futile. Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) (internal citations and quotation marks omitted).

Plaintiff takes issue with the Magistrate Judge's finding that "no federal question appears on the face of the complaint," (Doc. 9 at 5), and argues he should be allowed to amend to add counts pertaining to alleged violations of his Fourteenth

Amendment due process rights. (Doc. 12 at 4). However, Plaintiff has not explained how this proposed amendment would cure the deficiencies outline in the R&R. For example, Plaintiff attempts to allege venue for the RICO claim by claiming that "all threats, fraud, e3xtortion [sic] and conspiracy was directed at and occurred while [P]laintiff was in Florida and [D]efendants were in various states." (*Id.* at 20). But as explained by the Magistrate Judge, venue is appropriate in a civil RICO action in the "federal district court for any district in which the defendant 'resides, is found, has an agent, or transacts his affairs.'" (Doc. 9 at 9 n.4 (quoting 18 U.S.C. § 1965(a)). And Plaintiff has failed to allege that any Defendants reside, are found, have an agent, or transact affairs in Florida beyond conclusory assertions.

As for all the other claims, the Magistrate Judge correctly found that Plaintiff failed to "allege that a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Florida." (*Id.* at 8). Plaintiff provides no further allegations in the Objections to the contrary. From the allegations contained in the Objections, when the Defendants acted, Plaintiff happened to be in Florida, but none of the actions were directed toward him or the state of Florida. (*See generally* Doc. 12; *see also* Doc. 9 at 9). Because the amended complaint would be subject to dismissal for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), the Court agrees that any amendment would be futile.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 12) are **OVERRULED**.

2. The Report and Recommendation (Doc. 9) is **ADOPTED** and made a part of this Order.

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED as moot**.

4. The Complaint (Doc. 1) is **DISMISSED for lack of subject matter jurisdiction and improper venue**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party